IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYMBERLEE GILSON,

    Plaintiff,

  v.

MACY'S, INC. LONG TERM
DISABILITY PLAN, *et al.,*

    Defendants.

No. C 13-04520 WHA

**ORDER GRANTING
MOTION TO DISMISS**

In this ERISA action, plaintiff Kymberlee Gilson asserts two claims against defendants Macy's, Inc. Long Term Disability Plan and Prudential Insurance Company of America. The first claim arises under ERISA; the second claim arises under California state law. Defendants move to dismiss plaintiff's state-law claim because it is preempted by ERISA. Plaintiff opposes.

ERISA's preemption clause expressly provides that it "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that it governs. 29 U.S.C. 1144(a). This includes Section 10111.2 of the California Insurance Code, which provides that "[w]hen the insurer has received all information needed to determine liability for a claim, and the insurer determines that liability exists and fails to make payment of benefits to the insured within 30 calendar days after the insurer has received that information, any delayed payment shall bear interest, beginning the 31st calendar day, at the rate of 10 percent per year."

Plaintiff argues that Section 10111.2 is saved from preemption by ERISA's "savings clause," which states that "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. 1144(b)(2)(A). Prejudgment interest, however, does not fall within the "savings clause" because it is not "specifically directed toward the

[insurance industry]." *Pilot Life v. Dedeaux*, 481 U.S. 41, 50 (1987).  In fact, our court of appeals has held that ERISA preempts claims brought under Section 790.03(h) of the California Insurance Code because "Congress clearly expressed an intent that the civil enforcement provisions of ERISA [Section 502(a)] be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 494 (9th Cir. 1988) (citations omitted).

While our court of appeals has not yet addressed whether ERISA preempts Section 10111.2, other judges in this district have uniformly denied state-law claims based on Section 10111.2 because "allowing a plaintiff to proceed with a state law claim under [S]ection 10111.2 would effectively impose a mandatory prejudgment interest rate of ten percent on successful ERISA claims, improperly expanding the scope of ERISA damages and supplementing the ERISA enforcement remedy." *Prado v. Allied Domecq Spirits and Wine Group Disability Income Policy*, 800 F. Supp. 2d 1077, 1100 (N.D. Cal. July 22, 2011) (Judge Samuel Conti); *see also Behjou v. Bank of Am. Group Benefits Program*, No. 10-3982, 2011 U.S. Dist. LEXIS 106695, at *5 (N.D. Cal. Sep. 19, 2011) (Judge Saundra Brown Armstrong); *Turnipseed v. Educ. Mgmt. LLC's Emp. Disability Plan*, No. 9-3811, 2010 U.S. Dist. LEXIS, at 10–14 (N.D. Cal. Jan.13, 2010) (Judge Marilyn Hall Patel); *Minton v. Deloitte & Touche USA LLP Plan*, 631 F. Supp. 2d 1213, 1220 n.4 (N.D. Cal. 2009) (Judge Claudia Wilken).  Plaintiff acknowledges that the weight of precedent in this district leans towards dismissing her state-law claim, and her numerous references to out-of-district and out-of-circuit cases are not persuasive (Opp. at 5).

For the reasons stated above, plaintiff's state-law claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 9, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE